UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUCAS P.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. 22-CV-0170-TLF

ORDER REVERSING AND REMANDING FOR AWARD OF BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.    ISSUES FOR REVIEW

Whether the Court Should Remand for Further Proceedings or for An Award of Benefits

## II.    BACKGROUND

On May 2, 2019, plaintiff protectively filed a Title XVI application for supplemental security income ("SSI"), alleging a disability onset date of May 19, 2015. Administrative Record ("AR") 21, 138-39, 155. Plaintiff's application was denied initially and on reconsideration. AR 151, 169. Administrative Law Judge ("ALJ") Lynn Ginsberg held a hearing on November 23, 2020, during which plaintiff amended his alleged onset date to

1   May 2, 2019, and issued a decision on January 27, 2021 finding plaintiff not disabled.

2   AR 18–40. Plaintiff now seeks judicial review of the ALJ's decision. Dkt. 10.

3                          III.    STANDARD OF REVIEW

4          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

5   denial of Social Security benefits if the ALJ's findings are based on legal error or not

6   supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

7   F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

8   reasonable mind might accept as adequate to support a conclusion." *Biestek v.*

9   *Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

10                         IV.    DISCUSSION

11         In this case, the ALJ found that plaintiff had the following severe medically

12  determinable impairments: anti-social personality disorder; substance abuse disorder;

13  borderline intellectual functioning; degenerative disc disease with cervical spine

14  stenosis; osteoarthritis status post two knee surgeries; and lumbago with sciatica. AR

15  24. Based on the limitations stemming from these impairments, the ALJ found that

16  plaintiff could perform sedentary work. AR 27.

17         Relying on vocational expert ("VE") testimony, the ALJ found at step four that

18  plaintiff has no past relevant work; at step five, the ALJ found, based on his residual

19  functional capacity ("RFC"), plaintiff could perform the sedentary jobs of document

20  preparer, surveillance systems monitor, and addresser. AR 30, 35.

21         Both parties agree that the ALJ erred at step five; the Commissioner did not meet

22  the burden of proof at step five -- because the occupations of document preparer and

23  surveillance systems monitor exceed plaintiff's reasoning level. Dkt. 10, pp. 3–7; Dkt.

24  14, pp. 1–2. Plaintiff also contends that remaining occupation of addresser does not

25

ORDER REVERSING AND REMANDING FOR AWARD
OF BENEFITS - 2

exist in significant numbers in the national economy, therefore the Court must remand for an award of benefits. *See* Dkt. 10, pp. 7–8. In contrast, the Commissioner contends there are outstanding issues and further proceedings are required. Dkt. 14, pp. 3–5.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 880 F.3d 1041, 1045 (9th Cir. 2017).

The Commissioner argues that it is unclear whether the VE provided *all* the possible jobs plaintiff is able to do based on the ALJ's hypothetical. Dkt. 14, p. 4.

1    During the hearing, the ALJ posed a hypothetical to the VE to consider the jobs

2 available in the national economy to an individual with plaintiff's RFC. AR 104–05. The

3 VE replied that document preparer, surveillance system monitor, and addresser were

4 available. AR 105. The ALJ then asked, "Okay, so is that exhausted list[1]?" AR 105. The

5 VE replied, "Yes." *Id.* The Commissioner argues "it is unclear what 'exhausted list' the

6 ALJ was referring to" and therefore an unresolved issue exists. Dkt. 14, p. 4.

7    The Commissioner's argument is not persuasive. The ALJ asked about the

8 "exhausted list" immediately after the VE provided the jobs of document preparer,

9 surveillance system monitor, and addresser. *See* AR 105. Further, after the VE replied,

10 "yes," the ALJ  proceeded to present the VE with a new hypothetical. *See id.* The Court,

11 therefore, rejects the Commissioner's argument as unsupported by the record.

12    The Commissioner also argues the record is unclear because the ALJ only asked

13 the VE to identify the number of jobs available in the national economy but did not follow

14 up with a question about the number of jobs available in the regional economy. Dkt. 14,

15 pp. 4–5.

16    At step five of the sequential evaluation process, the ALJ assesses the claimant's

17 residual functional capacity (RFC) to determine whether they can make an adjustment

18 to other work. *See* 20 C.F.R. § 416.920(a)(v). The burden of establishing that work in

19 "significant numbers" exists for any of the occupations, lies with the Commissioner. 20

20 C.F.R. §§ 416.912(b)(3), 416.960(c)(2). "[T]he 'significant number of jobs' can be *either*

21 regional jobs (the region where a claimant resides) or in several regions of the country

22

23 ─────────────

[1] The Court presumes that this was a misspelling and the ALJ was asking about the "exhaustive," rather
24 than "exhausted" list.

25

ORDER REVERSING AND REMANDING FOR AWARD
OF BENEFITS - 4

1   (national jobs)." *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir. 2012) (citing 42 U.S.C. §

2   423(d)(2)(A)) (emphasis added). "If [the Court] find[s] *either* of the two numbers

3   'significant,' then [the Court] must uphold the ALJ's decision." *Id.* at 390.

4       Because both parties agree that the first two occupations testified to by the VE

5   and found by the ALJ were erroneous, the only occupation at issue is the addresser

6   position, which the VE testified is available in 3,000 jobs in the national economy. AR

7   105. The VE was not asked by the ALJ to testify concerning the regional jobs available,

8   and the ALJ made no finding, as to the number of addresser jobs available in the

9   regional economy. The Commissioner does not argue that 3,000 jobs in the national

10  economy is significant, but contends that the Court should remand because without the

11  number of addresser jobs available in the regional economy included in the record, the

12  issue of whether plaintiff is able to work remains unresolved. *See* Dkt. 14, p. 1, 5–6.

13      This Court, relying on many cases pertaining to this issue, found in *Catherine G.*

14  *v. Comm'r of Soc. Sec.*, No. 3:20-cv-05741-BAT, 2021 WL 1541178, at *3 (W.D. Wash.

15  Apr. 20, 2021), that the addresser position does not exist in significant numbers. *See*

16  *Skinner v. Berryhill*, No. CV 17-3795-PLA, 2018 WL 1631275, at *6 (C.D. Cal. Apr. 2,

17  2018) ("[I]t is not unreasonable to assume that the occupation of 'addresser,' which—as

18  described by the DOT—provides for addressing envelopes by hand or by typewriter, is

19  an occupation that has significantly dwindled in number since 1991 in light of

20  technological advances. That being the case, a reasonable mind would not accept the

21  VE's testimony that there are over 3,000 such positions in the region of California alone,

22  or even that there are over 10,000 in the national economy."); *Brandie K. A. v. Saul*, No.

23  EDCV 19-01017-RAO, 2020 WL 2572461, at *4 (C.D. Cal. May 21, 2020) ("In addition

24

25

ORDER REVERSING AND REMANDING FOR AWARD
OF BENEFITS - 5

to the *Skinner* court, other district courts in the Ninth Circuit have found the 'obsolete' argument persuasive and found that the ALJ erred in relying on the VE's job numbers for the addresser position.") (collecting cases).

Further, in *Eric S. v. Saul*, No. C18-5974-JCC-MAT, 2019 WL 4279680, at *3 (W.D. Wash. Aug. 7, 2019), this Court determined that the addresser position did not exist in significant numbers based on the provided national number alone. And because the Commissioner does not argue in this case that 3,000 jobs in the national economy is a significant number, the Commissioner has failed to meet the burden of establishing that there exists work in "significant numbers" at step five of the sequential evaluation process. There are no outstanding issues remaining to be resolved. Accordingly, the Court finds that plaintiff is entitled to disability benefits.

The burden of establishing that work in "significant numbers" exists for any of the occupations, lies with the Commissioner. 20 C.F.R. §§ 416.912(b)(3), 416.960(c)(2). The Commissioner would need to ask about the regional jobs numbers if the Commissioner desires to meet the burden of production. In this case, no regional question was asked of the Vocational Expert. There was not substantial evidence in the record for the ALJ's decision that the remaining occupation of addresser exists in significant numbers in the national economy, or in the regional economy.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ harmfully erred in deciding that plaintiff was not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for award of benefits.

Dated this 6th day of October, 2022.


*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR AWARD
OF BENEFITS - 7